UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

```
─────────────────────────────────────── x
In re:                                  :
                                        :    Chapter 7
MARATHON HEALTHCARE                     :    Case No. 08-20597
CENTER OF TORRINGTON, LLC               :
                                        :
            Debtor.                     :
─────────────────────────────────────── x
In re:                                  :
                                        :    Adv. Pro.
THOMAS C. BOSCARINO, TRUSTEE            :    Case No. 10-02070
            Plaintiff.                  :
v.                                      :
GERIATRIC MEDICAL & SURGICAL            :
SUPPLY, INC.                            :    May 3, 2010
            Defendant.                  :
─────────────────────────────────────── x
```

## **ANSWER**

In Response to the Complaint in the above captioned adversary proceeding, the Defendant, Geriatric Medical & Surgical Supply, Inc., answers as follows.

COUNT ONE:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied.

7. The Defendant has insufficient information to either admit or deny and leaves the Plaintiff to its proof.

8. Denied.

9. The Defendant has insufficient information to either admit or deny and leaves the Plaintiff to its proof.

10. Denied.

COUNT TWO

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. The Defendant has insufficient information to either admit or deny and leaves the Plaintiff to its proof.

8. Denied.

9. Admitted.

FIRST SPECIAL DEFENSE (Ordinary Course):

1. At all relevant times the Defendant was in the business of selling medical and surgical supplies.

2. More than a year before the Debtor filed for protection from creditors under the United States Bankruptcy Code, the Debtor and its affiliates sought to induce the Defendants to refrain from demanding payment in full of a substantial unpaid balance by offering to issue a promissory note for the full unpaid balance and agreeing to make monthly payments in accordance with the promissory note.

3. The consideration offered to the Debtor for the promissory notes was the Defendant's agreement to refrain from taking any action with regard to the unpaid balance.

4. The Debtor made regular payments in accordance with the terms of the promissory note.

5. The payments made in accordance with the terms of the note were paid in the ordinary course.

SECOND SPECIAL DEFENSE (New Value):

1. At all relevant times the Defendant was in the business of selling medical and surgical supplies.

2. More than a year before the Debtor filed for protection from creditors under the United States Bankruptcy Code, the Debtor and its affiliates sought to induce the Defendants to refrain from demanding payment in full of a substantial unpaid balance by offering to issue a promissory note for the full unpaid balance an agreeing to make monthly payments in accordance with the promissory note.

3. The Debtor made regular payments in accordance with the terms of the promissory note.

    4.    The payments made during the 90 days before the Debtor file for protection from creditors was paid in order to induce the Defendant to extend credit post-petition.

    5.    The Defendant did, in fact, extend credit post-petition to the Debtor.

    6.    But for the pre-petion payments in accordance with the Promissory Note, the Defendant would not have extended post-petition credit to the Debtor.

    7.    The Defendant's willingness to issue post-petition credit to the Debtor constituted new value exchanged for the pre-petition payments made.

THIRD SPECIAL DEFENSE (Set-off):

    1.    At all relevant times the Defendant was in the business of selling medical and surgical supplies.

    2.    The Debtor required the medical and surgical supplies provided by the Defendant.

    3.    The Debtor ordered medical and surgical supplies from the Defendant post-petition.

    4.    The Defendant shipped medical and surgical supplies to the Debtor posts-petition.

    5.    The Debtor has not paid for all the medical and surgical supplies ordered and delivered post-petition.

    6.    The Debtor has an unpaid post-petition obligation to the Defendant for more than $60,000.

7. Assuming *arguendo* (and without any admission) that any pre-petition payment is deemed avoidable, the Defendant is entitled to a setoff by virtue of its administrative claim against the Chapter 11 debtor for more than $60,000

GERIATRIC MEDICAL & SURGICAL SUPPLY, INC.


By: /s/ 05/03/2010_____
Myles H. Alderman, Esq.
Fed. Bar No. CT01207
Alderman & Alderman
20 Church Street
Hartford, Connecticut 06103
Tel. 860.249.0090
Fax. 888.802.9992
Email: myles.alderman@alderman.com